UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CLAYTON ABLE, JR., | |
| Plaintiff, | Civil Action No. 11-162-KKC |
| v. | |
| RENAE HARDIN, et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Clayton Able, Jr., proceeding without counsel, filed a civil rights action under 42 U.S.C. § 1983. [R. 2] The defendants, Renae Hardin, Jamie Hisel, and Karen Tomlin, have filed a motion to dismiss the complaint. [R. 13] Able has filed his response to the motion [R. 20] to which the defendants have replied. [R. 22] This matter is therefore ripe for determination.

In his original and amended complaints [R. 2, 6] Able alleges that on May 19, 2010, he arrived at the home of Cathy Martin, the natural mother of his one-week old baby, to give her a ride to a doctor's appointment. When he arrived, she was speaking to social workers Hardin and Hisel, who are employed by the Department of Community Based Services, a department within the Cabinet for Health and Family Services ("CHFS"), in Lancaster, Kentucky. [R. 2-4 ("Martin Aff.") at 1] Martin indicates that the couple's baby had tested positive for trace amounts of tetrahydrocannabinol ("THC"), the primary psychoactive ingredient in marijuana, and Hardin was considering placing the child in foster care. [R. 2-3 ("Able Aff.") at 1] Hardin told Martin that she had a court order requiring both of them to submit to a drug screening test and to appear in court on May 21, 2010, for a hearing. Martin agreed, but Able refused to cooperate until he saw a copy of the order. Martin Aff. at 1.

When Able arrived with Martin later that afternoon for the drug screening, a police officer arrived and conducted a field sobriety test on Able on suspicion that he was driving under the influence, a test Able passed. Martin, however, was placed under arrest in light of an outstanding bench warrant, which was later determined to have been dismissed. Able Aff. at 2. Martin states that Hardin told her that because she was being taken into custody, her baby would be placed in protective custody unless a family member other than Able would take custody of the child. Martin Aff. at 2. Able desired to take the couple's baby home, but Hardin refused unless he would cooperate and submit to a urine test. Able Aff. at 2. Able declined that request, and insisted that Hardin provide him with a copy of a court order authorizing her to take custody of his child. Able was told that he would receive a copy of a court order in the mail, and the police officer ordered him to leave the property. *Id.*

In his complaint, Able alleges that the defendants placed his baby in protective custody without his consent and without complying with the requirements of the KRS 620.030-.070, thereby violating his rights to equal protection and due process under the law under the Fourteenth Amendment. [R. 2 at 2; R. 6 at 9]

In their motion to dismiss the complaint [R. 13], the defendants provide further factual background relevant to Able's claims. On May 19, 2010, Judge Booth of the Garrard Circuit Court entered an *ex parte* Order granting emergency protective custody to CHFS. It did so predicated upon Hardin's Juvenile Dependency, Neglect and Abuse Petition and her testimony which indicated that both Martin and her week-old baby had tested positive for drugs. [R. 13-1 at 1] Judge Booth scheduled a temporary removal hearing for May 21, 2010.

After CHFS obtained custody of his child, on June 15, 2010, Able filed a "Complaint for a Declaratory Judgment" in the juvenile proceeding already pending in the Garrard Circuit Court. In

that "complaint," Able named Hardin as the sole defendant and sought a declaration that her actions in removing the child from his custody violated his rights to equal protection under the law and due process of law under the Fourteenth Amendment. [R. 13-1 at 2] Able also attached an affidavit substantially identical to the one he filed in support of his complaint in this action. The defendants indicate this matter is still pending in the Garrard Circuit Court in *Commonwealth v. Able*, Case No. 10-J-96. *Id*.

Six weeks later, Able filed suit in this Court against Judge Booth and Judge Dixon of the Garrard Circuit Court. *Able v. Booth*, No. 5:10-cv-254-KSF (E.D. Ky. 2010). Able later sought to name additional defendants, including Hardin, Hisel, and Tomlin. However, on November 19, 2010, the Court denied that request as moot when it determined that the complaint must be dismissed. The Court found that if the juvenile proceedings were still pending in the Garrard Circuit Court, it was required under *Younger v. Harris*, 401 U.S. 37 (1971) to abstain from exercising jurisdiction. If the proceedings had concluded, the Court indicated that Able's proper course was to pursue an appeal through the state courts, and his attempt to invoke federal jurisdiction to effectively appeal violated the *Rooker-Feldman* doctrine. [R. 12 therein]

In their motion to dismiss[1], the defendants argue that Able's complaint must be dismissed because abstention is still warranted under *Younger* because state court proceedings are still pending; any official capacity claims are barred by the Eleventh Amendment; the defendants, as social workers acting pursuant to a valid state court order, are entitled to absolute quasi-judicial immunity against the individual capacity claims; Able's due process and equal protection claims fail as a

---

[1] The defendants simultaneously moved to file certain documents from the state court juvenile proceedings into the record under seal. [R. 14] The Court directed Able to respond to this motion as part of his response to the defendants' motion to dismiss. [R. 17] Because Able has not opposed this motion, the Court will grant the request to place the documents under seal.

matter of law; and because violation of state law is not a valid predicate for a federal constitutional claim under Section 1983.  [R. 13-1]

The Court has reviewed the arguments of the parties, and adheres to the conclusion in Able's prior case, *Able v. Booth*, No. 5:10-cv-254-KSF (E.D. Ky. 2010), that abstention under *Younger* is still appropriate where state court proceedings remained ongoing when Able filed this suit. Ordinarily, a federal court possesses subject matter jurisdiction over federal civil rights claims brought pursuant to Section 1983 under both the general federal question statute, 28 U.S.C. § 1331, and the specific jurisdictional grant of 42 U.S.C. § 1343(a)(3).  However, under certain circumstances, the Court must not exercise that jurisdiction.  In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that a federal court must abstain from deciding a case that would be properly before it but for the pendency of state criminal proceedings in the matter.

Where state judicial proceedings are ongoing, involve important state interests, and provide an adequate opportunity to raise a constitutional challenge, abstention is required. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).  Here, because the juvenile proceedings remain pending, Able may raise any substantive or procedural challenges to the removal order in that forum or to the Kentucky appellate courts, and abstention is plainly warranted here. *Eidson v. State of Tenn. Dept. of Children's Services*, 510 F.3d 631, 638 (6th Cir. 2007) ("[T]he temporary removal of a child in a child-abuse context is ... 'in aid of and closely related to criminal statutes'" and *Younger* abstention has been applied when there was a pending state court child abuse proceeding.") (*citing Moore v. Sims*, 442 U.S. 415, 423 (1979)); *Hall v. Beast*, 116 F. App'x 557, 558 (6th Cir. 2004) ("As this case involves state issues of domestic relations, child custody and abuse, we agree that the *Younger* abstention doctrine governs this case.")  The defendants' alternative grounds for dismissal also appear to present considerable barriers to Able's successful

assertion of his claims here, but in light of the Court's conclusion that *Younger* abstention is required, it does not reach them.

Accordingly, it is **ORDERED** that:

1. Defendants' motion for leave to seal a document [R. 14] is **GRANTED.** The Clerk of the Court shall maintain the documents [R. 15, 16] **UNDER SEAL** pending further order of the Court.

2. Defendants' motion to dismiss, or in the alternative for summary judgment [R. 13] is **GRANTED.**

3. Able's Complaint [R. 2, 6] is **DISMISSED**.

4. The Court will enter an appropriate Judgment.

Dated this 27th day of March, 2012.

Signed By:
*Karen K. Caldwell*
United States District Judge